WATTS and others, administrators &c. *vs.* GARCIA and others.

A. made an arrangement with H. & Co. whereby he was to make deposits with that firm, which were to be subject to his drafts &c. at his pleasure and on demand, and the firm were to allow interest on the deposits, and charge interest on the drafts, at the rate of five per cent per annum. Under this arrangement A. made sundry deposits. He died July 5, 1856. H. & Co., on the 24th of February, 1860, paid to A.'s administrators the principal of the deposits, and interest calculated to July 5, 1856, at five per cent per annum. *Held*

1. That the effect of the agreement was to give H. & Co. the right to use the money till called for, and they agreed to pay interest till the money was withdrawn; and until that event they were at liberty to use the principal.

2. That the death of A. did not necessarily put an end to the contract; but H. & Co. were at liberty to use the principal after that event, the same as before.

3. That the contract being one which was determinable at any time at the will of either party, H. & Co. were not, on the death of A., bound to continue the same, but might elect to determine it.

4. That such election would be well evidenced by making a special deposit in bank of the balance due, or by keeping sufficient funds in reserve at the bank to cover the balance due, and not thereafter breaking in on such deposit or fund.

5. That it was incumbent on H. & Co. to show that they made such election, in order to avoid the payment of interest.

6. That in the absence of such proof they were chargeable with interest from July 5, 1856, to February 24, 1860.

7. That the interest for the period between those dates being due at the time the principal was paid, the right to recover it was not affected by the payment of the principal.

APPEAL from a judgment entered upon the report of a referee. The material facts are set forth in the opinion of the court. The referee found and decided, as conclusions of law: 1. That the defendants were liable to pay, and the plaintiffs were entitled to demand and recover from them interest on the deposits in their hands after and since the 5th day of April, 1856, at and after the rate of five per cent per annum. 2. That the defendants were not entitled to charge against the plaintiffs the two items of $15 and $2.75 respectively on the debit side of said account. 3. That the

Watts *v.* Garcia.

plaintiffs were entitled to recover in this action against the defendants, for the amount in and by the complaint demanded, ($1685.07,) with the interest thereon at and after the rate of five per cent per annum, from the first day of April, 1860, to the date of the report, ($168.69,) together amounting to $1883.76, and the costs of the action.

*D. D. Lord,* for the appellants.

*E. Sprout,* for the respondents.

*By the Court,* BARNARD, J. The facts of this case, as found by the referee, are: That Manuel Alvarez, in his life time, made an arrangement with P. Harmony, Nephews & Co., doing business in the city of New York, whereby he was to make deposits with that firm, which were to be subject to his drafts or other disposition at his pleasure and on demand, and the firm were to allow interest on the deposits, and charge interest on the drafts, at the rate of five per cent per annum. Under this arrangement Alvarez made sundry deposits. Alvarez died July 5, 1856. Letters of administration were granted on his estate by the surrogate of the county of New York on the 22d February, 1860.

The defendants, on the 24th of February, 1860, paid to such administrators the principal of the deposits and interest calculated to July 5, 1856, at five per cent per annum, according to the above agreement.

The question raised is whether the defendants are not chargeable with interest from July 5, 1856, to Feb. 24, 1860.

The effect of this contract was to give the defendants the right to use the money till called for, and the defendants agreed to pay interest till the money was withdrawn, and until that event they were at liberty to use the principal. The death of Alvarez did not necessarily put an end to the contract; the defendants were at liberty to use the principal after that event, the same as before. It is true that possibly it would be the duty of the administrators immediately on

Watts *v* Garcia.

their appointment to draw the whole funds, but that did not make it any more incumbent on the defendants to be prepared to meet their draft than it was incumbent on them to be prepared to meet the draft of Mr. Alvarez for the whole balance due him at any moment, if he, out of mere whim, should choose to draw the same. The defendants could not, under the plea of there being no one to make payment or tender to, thereafter use money without paying the interest they agreed to pay for its use.

As the contract, however, was one which was determinable at any time at the will of either—on the one hand by Alvarez withdrawing the whole balance due him, and on the other by the defendants paying or tendering to Alvarez the whole amount of his balance—it is clear that the defendants were not, on the death of Alvarez, compelled to continue the contract, but they might elect to determine it.

Such election would be well evidenced by making a special deposit of the balance due in some bank, or by keeping sufficient funds in reserve at the bank to cover the balance due, and not thereafter breaking in on such deposit or such fund.

It was incumbent on the defendants to show that they made such election. The proof offered by them does not, however, sufficiently establish it.

The interest down to February 24th was due at the time the principal was paid, consequently the right to recover it is not affected by the payment of the principal.

With reference to the interest since the 24th of February, the evidence clearly shows that the payment of February 24th was made and received in full of the principal, except of $16 thereof and interest thereon to 5th July. This suit is brought for $16 principal and interest from 5th July. No interest can be recovered on this interest.

Judgment affirmed without costs, on the plaintiff's deducting $198.69; otherwise reversed, with costs.

[NEW YORK GENERAL TERM, December 7, 1863. *Sutherland, Clerke* and *Barnard,* Justices.]